## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Silvio F.V.,

       Petitioner,

v.

 Pamela Bondi, et al.,

       Respondents.

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

Civil File No. 26-01309 (MJD/DJF)

Mary M. Nikolai, Gustafson Gluek PLLC, Counsel for Petitioner.

David W. Fuller, Friedrich A. P. Siekert, Assistant United States Attorneys,
Counsel for Respondents.

This matter is before the Court on Petitioner Silvio F.V.'s Petition for Writ

of Habeas Corpus. [Doc. 1.] Petitioner claims he is currently unlawfully detained

due to the Respondents' improper invocation of 8 U.S.C. § 1225(b). Petitioner

argues that his immigration status subjects him instead to 8 U.S.C. § 1226(a),

where detention is discretionary and release is permitted via conditional parole

or bond. Further, Petitioner argues that because he was detained without a

warrant, the proper remedy in this circumstance is his immediate release from

custody.  Respondents challenge Petitioner's arguments, instead maintaining

that Petitioner is subject to mandatory detention under § 1225(b) and stating that Respondents did in fact have a warrant.

## I.     Facts[1]

Based on the facts included in the petition, Petitioner Silvio F.V. is a citizen of Ecuador and has lived in the United States since July 17, 2022.  [Doc. 1 ¶ 32.]  When he entered the U.S., he was apprehended and was then released on his own recognizance. [Doc. 6 at 2]. Petitioner has a pending asylum application and has been granted work authorization by the Department of Homeland Security. [Doc. 1 ¶ 33.] Petitioner works at a shampoo factory in Minneapolis, Minnesota, and he lives with his wife, two children, his sister, and his sister's children. [Id. at 34–36.] Petitioner is in removal proceedings, but no final removal order has been issued. [Doc. 5 at 1]. Petitioner does not have a criminal record. [Doc. 1 ¶ 37.]

On the morning of February 10, 2026, Petitioner was in his car on the way to the store when he was stopped and pulled out of his car by ICE agents. [Id. ¶ 38.] At the time Petitioner's counsel filed Petitioner's petition for writ of habeas

---

[1] "Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted."  Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).

corpus, she was unable to locate Petitioner on the ICE detainee locator system.
[Id. at 40.] On the same day that Petitioner filed the petitioner for writ of habeas corpus, this Court issued an Order to Show Cause, enjoining the Respondents from moving Petitioner out of Minnesota, and among other things, ordering Respondents return Petitioner to Minnesota if he had been moved. [Doc. 3.]

While the Respondents did not acknowledge Petitioner's location in their response to the Order to Show Cause, Petitioner notes in his reply that Petitioner was, in fact, transferred to El Paso, Texas. [Doc. 6 at 2]. However, Petitioner has apparently been returned to Minnesota and is currently detained at the Sherburne County Jail. [Id.]

## II.    Discussion

### A. Jurisdiction

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  District courts have jurisdiction to hear habeas challenges to immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases).  The petitioner bears the burden to

prove illegal detention by a preponderance of the evidence.  See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

**B.  Distinction between Section 1225 and 1226**

Like many petitioners the District of Minnesota has seen in the past several months, Silvio F.V. argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b) because he entered the United States without inspection, was previously detained and released, and has lived in the United States for over three years. [Doc. 1 ¶ 12.] Respondents, on the other hand, assert that Petitioner's status subjects him to mandatory detention under 8 U.S.C. § 1225(b). [Doc. 5 at 4–6.]

In Mahamed C.A. v. Noem, Magistrate Judge John F. Docherty succinctly explained the two statutes at issue in this case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1 (D. Minn. Dec. 16, 2025), R&R adopted sub nom., 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

4

This Court agrees with the numerous, carefully analyzed decisions in this District and beyond that have determined § 1225(b) does not apply to "aliens" already living in the United States. See e.g., Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *2 (D. Minn. Jan. 20, 2026); Andres R.E. v. Bondi, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *3 (D. Minn. Nov. 4, 2025) (collecting cases); Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases).

Further, this Court notes that Respondents do not attempt to factually distinguish Petitioner's case from the numerous others this District has seen in recent months. Instead, in response to the Court's Order to Show Cause, the Respondents merely list cases that come to the opposite conclusion. [See Doc. 5 at 2–6.]  This response is unpersuasive because this Court has already considered those cases and continues to agree with the majority of courts not only in this District but nationwide, that overwhelmingly side with Petitioner. See Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) ("To be seeking admission means to be seeking entry, which 'by its own force implies a coming from outside.'") (quoting United States ex rel. Claussen v. Day, 279 U.S. 398, 401 (1929)) (citation omitted); see also Edwin C. R. v. Bondi, No. 26-

5

00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (distinguishing cases cited by Respondents); Mahamed C.A., 2025 WL 3771299, at *2 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government."). Accordingly, the Court finds that Petitioner is properly detained, if at all, under 8 U.S.C. § 1226(a).

### C. Warrantless Arrest

The next question this Court faces is whether the appropriate remedy here is a bond hearing or Silvio F.V.'s immediate release from custody. Section 1226 provides that an "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 28 U.S.C. 1226(a) (emphasis added). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." Cristian Z. v. Bondi, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted). "It follows that absent a warrant a

noncitizen may <u>not</u> be arrested and detained under section 1226(a)." <u>Id.</u> (cleaned up); <u>Ahmed M. v. Bondi</u>, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same). Therefore, this Court rejects the Respondents' assertion that a lack of warrant does not affect the lawful detention of Petitioner and instead finds that a warrant is required for the Petitioner's lawful detention.

Here, Petitioner has alleged that Respondents did not present a warrant upon effectuating Petitioner's arrest. [Doc. 1, ¶ 68.] Respondents, on the other hand, claim Respondents did have a warrant for Petitioner's arrest. [Doc. 5 at 11.] However, Respondents point to an attached declaration and exhibit, neither of which are produced in the record. [<u>Id.</u>] Without such documentation, the Court can neither confirm the warrant's existence nor evaluate whether the "warrant" in question sufficiently creates a lawful basis for Petitioner's continued detention.

Therefore, because Respondents offer no lawful basis for Petitioner's continued detention, this Court finds that release is the appropriate remedy. <u>See</u> <u>Ahmed M. v. Bondi</u>, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings.") (quoting <u>Vedat C. v. Bondi</u>, No. 25-cv-4642

7

(JWB/DTS) (D. Minn. Dec. 19, 2025) (Doc. 9 at 6.)).

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. The Court **GRANTS** the Petitioner's Amended Petition for Writ of Habeas Corpus **[Doc. 1]** as follows:

   a. Respondents must immediately release Petitioner from detention into Minnesota;

   b. Respondents are ordered to immediately return all Petitioner's personal items that were taken from him when he was detained in substantially the same condition as when the items were taken during his arrest, such as his driver's license, immigration papers, passport, cell phone, and keys;

   c. Petitioner shall be released on his own recognizance without any conditions upon his release; and

   d. Respondents are enjoined from re-detaining Petitioner under the same statutory theory that has been rejected in this Order.

2. Respondents are ordered to confirm Petitioner's release from custody as well as Respondents' compliance with the rest of this Court's Order within forty-eight (48) hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 17, 2026                    s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court

8